OLIVER P. SECOR

*v.*

SARAH M. PESTANA.

37    525
d96a ¹225

1. LANDLORD AND TENANT—*notice to quit.* When a tenancy is for a fixed period, and the term thus expires by its own limitation, the tenant is then bound to surrender, and no notice to quit is necessary.

2. The act of 1861, on the subject of notice, applies only to tenancies of uncertain duration, as tenancies from year to year, in which sixty days' notice is required, and tenancies by the month, or for any time less than one year, when the tenant holds over without any special agreement, when thirty days' notice is required.

3. TENANCY FROM YEAR TO YEAR—*what constitutes.* Premises were leased by writing for a term to expire on the 1st of May, 1863. Afterwards, by a verbal agreement, the tenant leased the same until the 1st of May, 1864. *Held,* that this did not constitute a tenancy from year to year.

4. ESTOPPEL—*effect of notice to quit when not required.* The fact that a landlord has given his tenant notice to quit, when from the character of the tenancy no notice was required, will not commit the landlord as to the nature of the term; but he may repudiate the notice and place himself on the true ground.

5. EVIDENCE—*admissions—to whom they should be made.* Where a tenant has made admissions or declarations as to the character and extent of his tenancy, they are admissible against him in a suit between him and his landlord in respect to the possession, no matter to whom they were made. It is not essential that such admissions, to be available, should be made to the party or his agent.

6. INSTRUCTIONS—*should be relevant.* It is proper to refuse an instruction asked by a party in an action of forcible detainer, which is based on the idea of a tenancy from year to year, when that was not the nature of the tenancy about which the controversy existed.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was an action of forcible detainer commenced before a justice of the peace in Cook county, by Sarah M. Pestana against Oliver P. Secor. The case was removed into the Circuit Court by appeal, where a trial resulted in a verdict

and judgment for the plaintiff. The defendant thereupon took this appeal. The facts are sufficiently presented in the opinion of the court.

Mr. Charles C. Bonney and Mr. J. Edwards Fay for the appellant:

The principal question arising under the assignment of errors, is as to the character of the tenancy, and whether a notice to quit was requisite, and if so, whether the notice given was sufficient.

It appears that the plaintiff below leased the premises to the defendant, by writing, for a term to expire on the 1st day of May, 1863, at which time, by a verbal agreement, the defendant leased the same until the 1st of May, 1864.

This, we contend, was a tenancy from year to year, and embraced in the provisions of the act of 1861, Sess. Laws, p. 134, requiring sixty days' notice before suit brought. Such notice was not given.

Mr. George F. Bailey for the appellee:

No notice was required to terminate the tenancy. It was limited by the new agreement to May 1, 1864, at which time the tenant was bound to surrender.

At common law, in tenancies from year to year, and others of uncertain duration, notice is required in order that the tenant may prepare for an event, which, until notice, is wholly contingent.

But, by where the terms of the lease, its duration is fixed, the reason of the rule ceases, and notice is unnecessary. *Cobb* v. *Stokes*, 8 East, 358; *Jackson* v. *Brant*, 2 Johns. R., 169; 4 Kent, 114; Taylor Land. and Ten., p. 44, chap. 2, sec. 1.

This case is not embraced in the act of 1861. It was not the purpose of that act to alter the common law, with reference to tenancies of certain and definite duration, but merely to fix a uniform rule in a class of cases in which the tenancy,

as well as the law respecting the notice required to terminate them, was uncertain. It relates expressly to tenancies from year to year, and to an inferior class of tenancies, less than a year, in which there is a holding over without special agreement.

The tenancy in question belongs to neither of these, and therefore the case must be governed by the law as it stood previous to the act of 1861.

The term "tenancy from year to year" is well defined and understood; and these words were used by the Legislature in their legal or technical sense. Such a tenancy arises where lands or tenements are leased to another without limiting any certain or determinate estate, but an annual rent has been secured. Taylor, Land. and Ten., 38; referring to Com. Dig. tit. Estates, (II.,) 1; 1 Stephen Com., 271; 4 Kent's Com., 111, 114.

It may also arise, where one holds over, with the consent of the landlord, after the termination of a lease for years, without a new agreement as to the duration of the renewed tenancy. 4 Kent, 112.

Secor took possession under the written lease which expired May 1, 1863. He continued in possession after that time, under a new parol lease, which expired May 1, 1864. He was therefore a "tenant for years," instead of a tenant from year to year.

Mr. JUSTICE BREESE delivered the opinion of the court.

This was an action of forcible detainer. The facts briefly stated are, that the appellee leased, by writing, certain premises on Dearborn street, in the city of Chicago, for a term to expire on the first day of May, 1863. Afterward, by a verbal agreement, appellant leased the same until the first day of May, 1864, and the question is, was the tenant entitled to notice to quit, before action brought.

This tenancy was for a fixed period, namely, to the first day of May, 1864, consequently no notice was necessary. On

that day, appellant was bound to surrender the premises, as his term had expired by its own limitation. Taylor's Landlord and Tenant, chap. 2, sec. 1, p. 44; *Walker et al.* v. *Ellis,* 12 Ill., 475.

The act of 1861 applies only to tenancies of uncertain duration, as tenancies from year to year, in which sixty days' notice is required, and tenancies by the month, or for any time less than one year, when the tenant holds over without a special agreement, when thirty days' notice is required. Sess. Laws, 1861, p. 136.

It is urged the court erred in refusing the following instructions asked for by appellant:

1. If the jury believe, from the evidence, that after the lease, introduced in evidence, expired, the defendant, by verbal contract with the plaintiff, leased the premises for another year, then in such case the defendant became a tenant from year to year, and was entitled to a notice for sixty days if the plaintiff desired possession of the premises at the end of that year, and unless such notice is shown by the evidence, the jury must find for the defendant.

2. If the jury believe, from the evidence, that the defendant, under a verbal agreement, entered upon and occupied additional premises than those described in the lease, after the termination of the original written lease, and the description of the premises in the plaintiff's complaint and notices, includes or describes only the premises in the said written lease, then the variance between the proof and the description is fatal, and the jury must find for the defendant.

4. If the jury believe, from the evidence, that after the expiration of the original tenancy, the defendant continued to occupy the premises under a new agreement for one whole year, or for an indeterminate period of more than one year, it was a tenancy from year to year, and the defendant was entitled to a notice in writing of sixty days before the end of the year, and unless such notice was given, the jury must find for the defendant.

5.  The jury are instructed that mere verbal declarations made to persons who are not the agents of both or either of the parties cannot be taken as binding the party making them, and must be disregarded in the consideration of the evidence, and unless the jury believe, from the evidence, that Mary and Sarah Pestana were the agents of the plaintiff, and acting at her instance at the time when they say Secor said he was going to leave on the first of May, and that, as such agents, they were authorized to receive and agree to a proposition to quit, then such a declaration, on the part of Secor, could not bind him or shorten his term afterwards agreed to by the plaintiff, and unless the jury believe, from the evidence, that such declarations were so agreed to, they should reject them altogether.

7.  The plaintiff having served notices to quit and acted as though she considered them necessary, cannot now abandon that ground and seek to recover on the ground that no notice was necessary.

These instructions were properly refused, the first, because it was not a tenancy from year to year; the second, for the reason there was no proof of the occupancy of additional premises different from those described in the lease.  There was an alteration merely, by throwing down a partition wall, by which means the appellant's accommodations were increased.  The fourth was properly refused, as no tenancy of the kind specified in it was proved.

As to the fourth instruction, it was properly refused, because the admissions and declarations of appellant were admissible, no matter to whom made, as confessions relating to the character and extent of his tenancy.  There is no rule of law requiring such admissions to be available, that they should be made to the party or his agent.

The seventh instruction was properly refused, because appellee was not committed by the notices she had served, as to the character of the tenancy.  It was her right to repudiate them and place herself on the true ground.

As to the ninth instruction, which the court did not give or refuse, it is only necessary to say, it is based on the idea of a tenancy from year to year, which, we have said, was not the nature of the tenancy about which the controversy existed.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*