## F. R. SHIPMAN v. E. H. MITCHELL.

### (Case No. 5596.)

1. TENANT AT WILL — IMPLIED CONTRACT.— On June 23, 1882, M. leased a house to W., the lease to expire at 12 M. on June 20, 1883; in November, 1882, S., with the consent of M., acquired from W. the unexpired term. *Held,* that the term expired at 12 M. on the 20th of June, 1883, and that M. was entitled to possession at that time, without giving notice, unless by another contract he consented to the further occupancy of the premises by S. If up to the expiration of the lease M. had expressed no intention of leasing to S. for another year, but permitted him to remain in possession and pay rent as before, an implied contract that he should occupy the property another year might arise.

2. SAME.— If, however, at or before the expiration of the lease, the tenant was informed that he would not be allowed to occupy the premises, after the expiration of the lease, otherwise than as a tenant from month to month, no contract that he should occupy the premises for a year could be implied, for an implied contract arises from the presumed intention of the parties, and in this case the landlord expressed his intention to the tenant and the tenant is presumed to have assented to the proposition.

3. FINDING OF THE COURT.— If there is nothing in the record to show that a finding of fact by the court was erroneous, such finding is conclusive.

4. NOTICE.— Our statutes do not prescribe for what length of time demand for the possession of rented premises, held at will, must be made to entitle the landlord to an action of forcible detainer; thirty days' notice given by M.'s agent was held sufficient in this case.

APPEAL from Travis. Tried below before the Hon. A. S. Walker. The opinion states the case.

*Daniel Gettins* and *David H. Hewlett,* for appellant, cited: Kent's Com., p. 127, sec. 116; Wait's Actions and Defenses, pp. 203, 204; Taylor's Landlord and Tenant, p. 344, note 3; p. 349, sec. 475; secs. 482, 483, 485–87.

*Robertson & Williams,* for appellee, cited: Hollis v. Burns, 100 Penn. St., 206; Whaley v. Whaley, 1 Spears, Law (S. C.), 225; Noel v. McCrory, 7 Coldw. (Tenn.), 623; Russell v. Fabyan, 34 N. H., 223; Ela v. Bankes, 37 Wis., 89; Rich v. Kyser, 54 Penn. St., 86; Sutherland v. Goodnow, 108 Ill., 528; Rich v. Bolton, 46 Vt., 84; Schuyler v. Smith, 51 N. Y., 309; Steffens v. Earl, 11 Vroom (N. J.), 128; Delashman v. Berry, 20 Mich., 292.

STAYTON, ASSOCIATE JUSTICE.— The general nature and facts of this case, as shown by the record, are thus stated by counsel for appellant:

"Shipman sued Mitchell for damages on breach of an implied contract. The petition was filed February 25, 1884."

"Mrs. Mitchell owned certain premises situated in the city of Austin, which, on the 23d of June, 1882, she leased until the 20th day of June, 1883, to one Mrs. Williams. The contract of lease was in writing and stipulated for a certain sum per month as rent, payable monthly in advance. This lease contained a clause that it should expire on the 20th day of June, 1883, at 12 M."

"On the 1st day of November, 1882, Shipman with the consent of Mrs. Mitchell acquired from Mrs. Williams her unexpired term, under the contract of lease, and went into possession of the premises and remained in possession until the lease expired, after which time he continued to hold over, paying rent at the rate and periods as he had done under the contract until the 20th of October, 1883, when Shipman received written notice from Mr. Murrah, agent for Mrs. Mitchell, demanding possession of the premises, and that he vacate them by the 20th of November next. The 20th of November came and Shipman had not vacated. On the 23d of that month Mrs. Mitchell sued Shipman in trespass to try title for the premises and at the same time sequestrated them, Shipman failing to give satisfactory replevin, and was put out of possession by the sheriff acting under the writ of sequestration."

"Shipman's damages were predicated upon the loss and inconvenience occasioned him by the interference with his business as a boarding-house keeper carried on by him on the premises, having, as he charged, with Mrs. Mitchell's knowledge obtained and acquired Mrs. Williams' lease for the purpose of carrying on the boarding-house business."

"There was a mass of pleading done by both parties — fourteen special exceptions to the original petition and eight pages by way of answer. The issues were further simplified by supplemental petition containing seven pages, and supplemental answer. The court overruled all exceptions, and the case went to trial before the court without a jury."

"The main issue was as to the fact whether Shipman had been notified by Mr. Murrah, Mrs. Mitchell's agent, as early as May, 1883, and several times subsequently and before the 20th of June, 1883, that Mrs. Mitchell would not renew the lease of the premises for a year, and that if Shipman held over he would do so as a tenant from month to month. Upon this point there was violent conflict of testimony."

Judgment was rendered in favor of the defendant.

Counsel thus state the ground on which the appellant rests his case:

"Shipman's case rests upon the correctness of his construction. That being a tenant for a year, and not having received notice before the expiration of his term sufficient to terminate the relation of landlord and tenant, that his holding over and payment of rent, and the receipt by the landlord, after his term had expired, renewed his former lease, and that by implication he became and was a tenant from year to year, and entitled to six months' notice to surrender."

Under the uncontroverted facts the lease made by Mrs. Mitchell to Mrs. Williams, which, with the consent of the former, was, for the unexpired term, transferred to Shipman, terminated on June 20, 1883, at 12 M.; and at that time, without notice, Mrs. Mitchell was entitled to the possession, unless by some other contract she consented to the further occupancy of the property by Shipman. Taylor's Landlord and Tenant, 57; 37 Ill., 525. If at or before the expiration of that lease the landlord gave no intimation of an intention not to permit the occupancy of the place by the tenant for another year, then, if the tenant was permitted to remain in possession and to pay rent as he had done under the former lease, an implied contract that he should occupy the property for another year might arise.

It is, however, unnecessary to determine whether this general rule is in force in this state in reference to all kinds of real property.

If, however, at or before the expiration of the former lease, the tenant was informed that he would not be permitted, after the expiration of that lease, to occupy the rented premises otherwise than as a tenant from month to month, and not for a year, then no contract that he should occupy the property for a year could be implied, for an implied contract derives its existence from the presumed intention of the parties, induced by and arising from their course of dealing, and can never be presumed, if it be shown that the tenant was informed by the landlord that the holding after the expiration of the term, if continued, must be from month to month.

A tenant holding over after such declaration is presumed to assent to the proposition and to hold in accordance with it.

As stated by counsel, there was a conflict of evidence as to whether the notification claimed to have been given by the agent, Murrah, was given by him as stated.

The finding of the court must have been that Murrah's statement was true, and there is nothing in the record from which we can

clearly know that such finding was erroneous; hence, the finding is conclusive of this question.

Murrah's statement being true, Shipman was but a tenant by the month, his right to the possession subject to be terminated at the end of any month if Mrs. Mitchell so willed.

The statute in force in this state does not prescribe for what length of time demand for the possession of rented premises, held at will, must be made to entitle the landlord to an action of forcible detainer. R. S., 2440, 2442.

It seems, however, assuming the facts to be as stated by Murrah, that the proper notice was given. Taylor's Landlord and Tenant, 478, and cases cited in note 2.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered May 15, 1885.]