MILTON MONTGOMERY ET AL. V. GEORGE H. WILLIS.

FILED JUNE 18, 1895. No. 6372.

1. **Landlord and Tenant:** HOLDING OVER TERM: AGREEMENT. Where a tenant for a year remains in possession over his term, and is recognized as a tenant by the landlord, and no new contract is shown, he becomes a tenant from year to year.

2. ———: ———: EVIDENCE. The above rule is, however, only a rule of presumption, which may be rebutted by proof of a different agreement, or of facts inconsistent with the presumption.

3. ———: ———: ———. Therefore, where before the expiration of a lease for one year the tenant informs the landlord that he will not remain for another year, but will remain for a short.

period, and pay rent at the old rate for any time he may remain·
in possession, and the landlord acquiesces, and thereafter re-
ceives the rent, a tenancy from year to year, or for another year,.
is not created.

4. ———: ———: NOTICE OF INTENTION TO QUIT.  In such case
the tenant, before surrendering possession, is not required to·
give any notice of his intention to quit.

5. ———: ACTION FOR RENT: BURDEN OF PROOF.  Where an ac-
tion is brought for rent, and the answer does not admit facts
sufficient to raise a presumption of a lease entitling the land-
lord to the rent demanded, the burden of proof is upon the
landlord to establish such a lease.

6. Instructions: HARMLESS ERROR.  The refusal to give a correct
instruction relating solely to the measure of damages is not
prejudicial error, where the jury by a verdict for the defendant
has shown that it was not brought to a consideration of the
measure of damages.

ERROR from the district court of Dawes county.    Tried
below before KINKAID, J.

The facts are stated by the commissioner.

*Albert W. Crites,* for plaintiffs in error:

By holding the premises over the period of the lease,.
the defendant became a tenant from year to year. (*Hunter
v. Frost,* 49 N. W. Rep. [Minn.], 327; *Scott v. Beecher,.
52 N. W. Rep. [Mich.], 20; *Haynes v. Aldrich,* 31 N. E.
Rep. [N. Y.], 94.)

.The measure of damages by reason of defendant's aban-
donment of the premises is the difference between the rent
plaintiffs should  have received and the amount they actu-
ally did receive on reletting. (*Respien v. Porta,* 26 Pac.
Rep. [Cal.], 967; *Hayward v. Ramge,* 33 Neb., 836;
*Allen v. Saunders,* 6 Neb., 436; *Bowen v. Clark,* 30 Pac.
Rep. [Ore.], 430; *Underhill v. Collins,* 30 N. E. Rep. [N.
Y.], 576.)

The following cases were also cited by plaintiffs in error:
*Davidson v. Burke,* 32 N. E. Rep. [Ill.], 514; *Dunbier v..

*Day*, 12 Neb., 596; *Newton v. Pope*, 1 Cow. [N. Y.], 109;
*Lomer v. Meeker*, 25 N. Y., 361; *Mason v. Lord*, 40 N.
Y., 483; *Wilkie v. Roosevelt*, 3 Johns. Cas. [N. Y.], 66;
*Rudd v. Davis*, 3 Hill [N. Y.], 287; *Robertson v. Dodge*,
28 Ill., 161; *Dolsen v. Arnold*, 10 How. Pr. [N. Y.], 528;
*Kerr v. Simmons*, 8 Mo. App., 431; *Clapp v. Noble*, 84 Ill.,
62; *Laguerenne v. Dougherty*, 35 Pa. St., 45; *Finney v.
City of St. Louis*, 39 Mo., 177; *Holley v. Metcalf*, 12 Brad.
[Ill.], 141; *Esterly v. Pringle*, 41 Neb., 265; *Goldsborough
v. Gable*, 38 N. E. Rep. [Ill.], 1025; *Critchfield v. Remaley*,
21 Neb., 178; *Hayward v. Ramge*, 33 Neb., 839; *Prickett
v. Ritter*, 16 Ill., 96; *Shirk v. Hoffman*, 58 N. W. Rep.
[Minn.], 990.

*D. B. Jenckes* and *C. H. Bane*, contra, cited: *Wheeler
v. Walden*, 17 Neb., 125; *Bowen v. Haskell*, 55 N. W. Rep.
[Minn.], 629; *Buffalo County Nat. Bank v. Hanson*, 34
Neb., 455; *Welcome v. Hess*, 27 Pac. Rep. [Cal.], 369.

IRVINE, C.

This was an action for rent by Montgomery and Crites
against George H. Willis and John U. Willis, the petition
alleging that the plaintiffs leased certain premises to the
defendants, who were partners, for one year from the 15th
of April, 1890, reserving a rent of $35 per month, pay-
able on the 15th day of each month; that at the expiration
of the term the defendants, with the consent of plaintiffs,
held over and became bound for another term of one year
from the 15th of April, 1891; that on the 15th day of
August they abandoned the premises and refused to pay
further rent, to the damage of plaintiffs in the sum of $150.
The defendant George Willis answered, admitting the lease
for one year after April 15, 1890, and averring that prior
to the termination of that lease the defendants dissolved
partnership, and the plaintiffs released the firm and agreed
with the defendant George Willis that he should occupy

the premises for three months; that the defendant paid rent to the 14th day of August, when he vacated the premises, and delivered the keys to the plaintiffs, who received them. There was a verdict and judgment for defendant, and the plaintiffs bring the case here for review.

The defendant Willis testified that before the expiration of the first term he informed Mr. Crites of the dissolution of the partnership, and that he, Willis, would not take the premises for another year, but would occupy them for a short time and pay rent at the old rate for any period which he might occupy them; that Crites acquiesced, and from month to month received the rent from him.     Mr. Crites, in the most emphatic·terms, denies this transaction, and in the brief contends that the facts should be found in accordance with his testimony.     It is not for us, however, to weigh this testimony.     It was squarely conflicting, and the verdict of the jury, which has been sustained on motion for a new trial by the trial judge, cannot be disturbed. Accepting Mr. Willis' version of the facts, no tenancy from year to year was established.     Such a tenancy will be presumed where a tenant remains in possession after the expiration of his term, and his tenancy is recognized by the landlord, where no new contract was made. (*Critchfield v. Remaley*, 21 Neb., 178.)     This rule is, however, only a rule of presumption, and the presumption is rebutted by proof of a different agreement, or of facts inconsistent with the presumption. (*Shipman v. Mitchell*, 64 Tex., 174; *Williamson v. Paxton*, 18 Gratt. [Va.], 475; *Grant v. White*, 42 Mo., 285; *Secor v. Pestana*, 37 Ill., 525.) *Shipman v. Mitchell* was a case analogous to .that before us.     In that case it was held that if, at or before the expiration of the former lease, the landlord informed the tenant that he would not be permitted to remain another year, but only from month to month, then no tenancy from year to year could be implied.     In the case before us it was the tenant who informed the landlord he would not remain another

year. But the principle is the same. Nor was there, under this evidence, any necessity of a notice by the tenant of his intention to quit. If, as he testifies, he agreed to pay rent only so long as he saw fit to occupy the premises, and the landlord acquiesced in this and received rent as such under this agreement, the tenant was at liberty to terminate the lease at any time by surrendering the possession. The foregoing considerations answer the argument of plaintiffs in error that the verdict was not supported by the evidence. In addition to this assignment, there are several assignments relating to the instructions.

The plaintiffs requested the court to instruct that their measure of damages would be the amount of rent that would accrue during the remainder of the year, less any amount realized from other tenants. There was no prejudicial error in refusing this instruction, because, first, the jury having found for the defendant, the question of the measure of damages did not present itself to them for consideration; secondly, the court, on its own motion, instructed the jury that if the finding should be for plaintiffs, then they should recover for the time the premises remained unused, until plaintiffs put other tenants therein. The undisputed evidence shows that when new tenants were procured, it was at the same rent which defendant had paid, so that while the instruction asked by plaintiffs stated the law correctly, the instruction given, under the evidence in the case, had the same effect.

The court of its own motion gave the following instructions:

"5. The jury are instructed by the court if plaintiffs shall recover in this case it must be upon the ground as claimed by them, that defendants continued to hold under said lease of April 14, 1890, until its expiration, and that they continued thereafter to occupy and hold said premises without any new or different agreement, and that they then abandoned and gave up said premises and refused to pay

further rent without the consent of the plaintiffs. If convinced by a preponderance of the evidence that such was the fact, then the verdict should be for the plaintiffs for the time said premises remained unused after such abandonment until plaintiffs took possession thereof by placing other tenants therein.

"6. The jury are instructed by the court, if convinced by the evidence that prior to the expiration of said lease plaintiffs agreed to release said defendants from further liability thereon, and it is further convinced that neither the firm of Willis Bros., as a firm, nor its two individual members, George H. Willis and John U. Willis, together held and occupied said premises after the expiration of said lease of April 14, 1890, and if further convinced that defendant George H. Willis, who is now in court, continued after April 15, 1891, to occupy said premises under and by virtue of an agreement had with plaintiff Crites for plaintiffs that he individually might hold and occupy said premises for an indefinite time at the rate of $35 per month, then your verdict should be for defendants."

It is claimed that each of these instructions was erroneous for misplacing the burden of proof. We do not think so. The answer of defendant Willis contained a general denial of all matter not specially admitted. It did not admit facts sufficient to imply a tenancy from year to year. It admitted a holding over, but under a new agreement. The burden of proof was on the plaintiffs to establish a lease entitling them to recover, and not upon the defendant to establish by a preponderance of evidence the particular lease which he pleaded.

It is also claimed that the sixth instruction was erroneous for submitting to the jury the question as to whether the landlord had released the firm of Willis Bros. and accepted George H. Willis as sole tenant. It is claimed that this was not in issue. It is not necessary to determine whether this would have to be specially pleaded to be

availed of, because it was specially pleaded in the second paragraph of the answer.

After this case was considered and a decision reached the plaintiffs in error filed an additional brief. The authorities therein cited have been considered, but they do not change our opinion that the rule whereby, from a holding over the term, a new tenancy is presumed on the terms of the original lease, is a *prima facie* presumption only, and that the conversation and transactions testified to by Willis were sufficient to overcome that presumption. Whether or not the jury found correctly on the conflicting testimony in the case we cannot determine. The writer, merely as the expression of his individual views, would say that if it were his duty to determine the facts in the first instance from the bill of exceptions he would find them in favor of the plaintiffs. But the rule governing the review of cases on the evidence by this court is so well established that it would not now be departed from, even if it were not thought to be sound.

AFFIRMED.