### SIMEON WEST v. C. A. LUNGREN ET AL.

FILED JUNE 8, 1905.  No. 13,838.

1. **Tenancy:** PRESUMPTION. A tenancy from year to year will be presumed, where a tenant remains in possession after the expiration of his term, and his tenancy is recognized by the landlord. *Critchfield v. Remaley*, 21 Neb. 178, followed and approved.

2. ————: EVIDENCE. This rule is, however, only a rule of presumption, and the presumption is rebutted by proof of a different agreement, or of facts inconsistent with the presumption. *Montgomery v. Willis*, 45 Neb. 435, followed and approved.

ERROR to the district court for Antelope county: JOHN
F. BOYD, JUDGE. *Affirmed.*

*E. D. Kilbourn,* for plaintiff in error.

*O. A. Williams, contra.*

OLDHAM, C.

This was an action in forcible entry and detainer to
recover the possession of 80 acres of land situated in An-
telope county, Nebraska. The cause was originated be-
fore a justice of the peace of said county, and taken by
appeal to the district court. On a trial in the district
court to a jury, there were a verdict and judgment of
restitution for plaintiff in the action, and to reverse this
judgment the defendant brings error to this court.

It appears from the evidence that in the year 1884 the
defendant in the court below leased the premises from
James Gillispie, the then owner, for a period of five years,
by an oral agreement; that he subsequently entered upon
the premises and continued in possession thereof, for an
annual rental of one-third of the crop raised thereon, until
the time this suit was instituted; that he was on the land
when James Gillispie died, in the year 1901. After Gil-
lispie's death, a partition suit was brought, and the lands
in controversy, with other lands, were sold, and plaintiff
in the court below purchased these lands at the partition
sale. It also appeared that in November, 1901, Josie
Gillispie, executrix of the estate of James Gillispie, de-
ceased, had a conversation with defendant in the court
below, in which she requested him to remain another
year on the premises, until the lands should be disposed
of by the court, and that he did so. With reference to this
conversation, defendant West testified as follows:

A. Well now, I did have a conversation with her.

Q. You agreed at that time with her that you would
remain on there for the year 1902, didn't you?

A. She asked me if I was going to stay there another year. I told her I had not made any arrangements for anything different. Well, she said: "I want you to stay another year, or longer, if necessary." She says: "I don't know when that land will be sold. I don't want to change renters."

Q. When was that, that you had this talk with Josie Gillispie?

A. Last part of November, 1901.

Q. And related to the crop of 1902?

A. Next year.

Q. You knew that she had taken charge of the premises?

A. I did.

Q. And that she had authority over the renting of the premises for that year?

A. Yes, she had authority.

The executrix testified that she only rented the premises for one year, as she had no authority to rent them longer. Before the termination of this tenancy, a notice of more than three days was served on the defendant to vacate the premises on March 1, 1903. On the 12th of March following, this suit was instituted.

No complaint is lodged against any of the instructions given by the trial court, the sole contention being that defendant West was entitled to a six months' notice under the statute to terminate his tenancy. It is conceded by counsel that the five years' oral lease under which the tenancy was initiated was within the ban of the statute of frauds, but it is also conceded that the subsequent entrance and occupancy of the premises by the defendant, and the payment of rent, and acceptance of the same by the lessor, created a tenancy from year to year, which could only be terminated by the statutory notice, or by a subsequent agreement between the parties. So the only question to be determined is whether or not there was sufficient competent evidence in the record, of a subsequent agreement between the parties, to raise a question of fact for the determination of a jury.

In *Montgomery v. Willis,* 45 Neb. 434, IRVINE, C., speaking for the court, with reference to a tenancy from year to year, said:

"Such a tenancy will be presumed where a tenant remains in possession after the expiration of his term, and his tenancy is recognized by the landlord, where no new contract was made. *Critchfield v. Remaley,* 21 Neb. 178. This rule is, however, only a rule of presumption, and the presumption is rebutted by proof of a different agreement, or of facts inconsistent with the presumption. *Shipman v. Mitchell,* 64 Tex. 174; *Williamson v. Paxton,* 18 Gratt. (Va.) 475; *Grant v. White,* 42 Mo. 285; *Secor v. Pestana,* 37 Ill. 525."

Now, we think that, under the facts and circumstances proved in the instant case, there was sufficient evidence to support the finding of the jury that a new contract for the leasing of the premises for the year 1902 was entered into between defendant in the court below and the executrix of the estate of James Gillispie, deceased.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons given in the above opinion, the judgment of the district court is

AFFIRMED.