# OHIO NISI PRIUS REPORTS

## NEW SERIES—VOLUME XIX.

CAUSES ARGUED AND DETERMINED IN THE SUPERIOR,
COMMON PLEAS, PROBATE AND INSOLVENCY
COURTS OF OHIO.

### AS TO THE NATURE OF A TENANCY UNDER AN EXPIRED LEASE.

Superior Court of Cincinnati.

ELIZABETH T. LONG ET AL v. LOUIS H. KAHN.*

Decided, July 19, 1915.

*Landlord and Tenant—Tenant Under Written Lease Holds Over—May
be Treated by Landlord as Tenant for One Year or at Sufferance—
Effect of Acceptance of Rent—Parol Agreement as to Such Ten-
ancy Within the Statute of Frauds.*

1. Where the tenant in possession of premises under a written lease
holds over after the expiration of the period fixed by such lease,
apparently under the same terms and conditions as those which
are prescribed in the original lease, he may be treated by the
landlord as a tenant for one year or as a tenant at sufferance, at
the option of the landlord.

2. When the landlord accepts rent at the original rate from such ·ten-
ant for a period of several months he will be presumed to intend

---

*Affirmed by the Court of Appeals in the parallel case of *Walker* v.
*Bumiller*, 25 C.C.(N.S.), 385.

to treat the tenant as a tenant for a year, and the tenant will be bound to pay rent for such period.

3. An alleged parol agreement between the landlord and tenant while the latter is in possession to create a subsequent tenancy from month to month is within the statute of frauds, and is therefore insufficient to alter the presumption which arises from the holding over, where there is no apparent change in the nature of the tenant's possession.

*Cohen, Mack & Hurtig*, for the motion.
*Charles B. Wilby*, contra.

OPPENHEIMER, J.

Memorandum on motion to set aside default judgment.

Plaintiffs allege in their petition that they are the owners of premises which were occupied by defendants by virtue of a lease for three years which expired April 1st, 1914; that defendant occupied said premises and paid the rent up to September 1st, 1914, when he removed therefrom, and that he has since failed to pay rent for them. Judgment was therefore asked for rent for seven months from September 1st, 1914, to April 1st, 1915. Defendant having failed to answer, a judgment was entered by default for the amount prayed for, and defendant now moves to set aside the default judgment, and asks leave to file an answer. In compliance with the rule enunciated in the case of *City of Cincinnati* v. *Archiable*, 21 C.C. (N.S.), 582, defendant presents the answer which he now seeks to file, in which he alleges that prior to the expiration of the original lease he agreed with plaintiffs that he might be a tenant after April 1st from month to month, and that he paid rent to plaintiffs for the entire time during which the premises were actually occupied by him. It is conceded that the alleged agreement was by parol. We are now required to determine the validity of a parol agreement between a landlord and a tenant in possession of premises under a written lease, when the purpose of the agreement is to create a tenancy from month to month after the expiration of the lease.

This question does not seem to be one of first impression in this state. It was first discussed in the case of *Armstrong* v. *Kattenhorn*, 11 Ohio, 265. The syllabus of that case reads:

"A parol contract for lease between landlord and tenant in possession under a prior lease, is within the statute of frauds; unless possession be held solely under, and in performance of, the parol contract, the terms of holding clearly indicating the possession to be under the subsequent parol lease."

The court says (p. 272):

"But if possession be relied upon it must be clearly referable to the contract and be delivered and held in performance of it. Possession must give the contract life, and if they can possibly be separated, the parol agreement perishes under the operation of the statute. Hence, if the possession can be referred to any other source than the parol contract, which it is claimed to support, even to the wrongful act of the party in possession, or to a different contract, the statute applies. * * * So with a tenant in possession, in case of a parol agreement for different terms of holding, if no acts are performed which clearly show that the possession is continued under the last agreement, it will be referred to the original tenancy, and such parol contract will be void. * * * Possession must accompany the contract, in performance of it, in all cases, to avoid the statute."

Applying this doctrine to the case at bar, it would appear that, as the possession of defendant was merely continued after the expiration of the original lease, there being no apparent change in the relationship between landlord and tenant, and no alteration in the amount paid, the agreement was within the statute of frauds; and as it rests admittedly in parol, it is not enforcible.

The law is well settled that a tenant in possession under a lease, who holds over after the termination of the time for which the premises were let to him, without any new demise, may be treated either as a tenant at sufferance or as a tenant from year to year. He is generally characterized in the books as a "trespasser" or as a tenant from year to year; but it is perhaps hardly accurate to designate as a trespasser one whose original entry was unquestionably proper and lawful. If the landlord sees fit to require his immediate removal, he may do so, treating him as a tenant at sufferance; or the landlord may treat him as a tenant from year to year, and require the payment of rent

for a yearly period. If the original holding was for a less term than one year, the holding over is for the period fixed in the original lease. See *Taylor, Land. and Ten.*, Section 22; *Wood, Landlord and Ten.*, Section 13.

This rule does not depend upon any agreement of the parties. The tenant has no election in the matter. It is not for him to say upon what terms or for what period of time he will occupy the premises. His intention is not controlling, even though the landlord knows what his intention may be. The premises belong to the landlord, his title thereto can not be disputed, and the right of election is exclusively his. *Conway* v. *Starkweather*, 1 Den., 113.

The case of *Armstrong* v. *Kattenhorn* has been repeatedly quoted with approval by our Supreme Court. In the case of *Crawford* v. *Wick*, 18 O. S., 190, it was held that—

"A parol contract for a new or supplemental lease between a landlord and his tenant, in possession under a former and subsisting lease, is within the statute of frauds, and the continued possession of the tenant does not take the parol contract out of the operation of the statute, where the continued possession of the tenant is as well referable to the first lease as to the second parol lease. *Armstrong* v. *Kattenhorn*, 11 Ohio, 265, followed and approved."

The court says (p. 202):

"Crawford and Murray (the defendants in the original case) did not yield up possession of the demised premises at or about the time of the making of the alleged parol contract, but for years afterward, continued to occupy them right on without any visible change; the possession of the demised premises was continuous and unbroken and is referable as well to the old as to the new or supplemental lease. The case of *Armstrong* v. *Kattenhorn*, 11 Ohio, 265, is very closely analogous to the present case, so far as this question is concerned and is conclusive of it."

Substantially the same question was raised in the case of *Myers* v. *Croswell*, 45 O. S., 543. Plaintiff claimed the right to the possession of several parcels of land under a verbal agree-

ment for a lease. He had already taken possession of one of the parcels, and contended that this took the case out of the statute. The court says (p. 547):

"It is too well settled to be now open to dispute, that certain acts done in the part performance of verbal contracts for the sale of lands, may operate to take them out of the statute, and generally possession of the land delivered and received under and in pursuance of the contract amounts to such part performance. But it is equally well settled that to have that effect, the possession must be connected with and in consequence of the contract; it must be in pursuance of its terms and in part execution of them. In other words, the possession must pursue and substantiate the contract. * * * The possession must be taken under and by virtue of the contract, and not be a mere continuation of the state of things which previously existed." *Armstrong* v. *Kattenhorn* is then cited by the court (p. 548).

The case of *Clark* v. *Guest*, 54 O. S., 298, involves the question of the validity of a verbal extension of time within which to remove standing timber from land, where the original contract for the sale of such timber was in writing. The court says (p. 305):

"Such verbal extension of time is as clearly within the statute as a verbal extension of a lease, which this court has held to be within the statute. *Armstrong* v. *Kattenhorn,* 11 Ohio, 265; *Crawford* v. *Wick,* 18 Ohio St., 190.

"Such extension of time in which to cut and carry away the timber, is not like an extension of time to pay a note or mortgage. Extension of the time of payment does not concern lands or an interest therein. * * * If he (the vendee) intended to rely upon the extension of time he should have caused the contract therefor to be reduced to writing. The statute was enacted to protect men in their property rights and it should be enforced unless in cases clearly within some of the well established exceptions."

In the case of *B. & O. R. R.* v. *West,* 57 O. S., 161 (syllabus 1), it was held that—

"An entry under a lease for a term of years at an annual rent, void for any cause, and payment of rent under it, creates a tenancy from year to year upon the terms of the lease, except as to its duration."

The court, citing *Armstrong* v. *Kattenhorn, Wood, Land. and Ten.,* and *Taylor, Land. and Ten., ubi supra,* says (p. 167):

"By holding over after the expiration of the term into the next year and paying the rent at the same rate for a part of that year, the plaintiff in error became a tenant for that year upon the terms of the former occupancy, and was not relieved from its obligation to pay the rent for the balance of the year by the abandonment of the premises."

In the case of *Gladwell* v. *Holcomb,* 60 O. S., 427, it was held that a tenant, holding over after the expiration of one year, may be treated by the landlord as a tenant for another year or as a trespasser, and that (syllabus 3):

"A parol agreement for a lease to commence in the future, with a person already in possession of the premises as a tenant, is within the statute of frauds." *Armstrong* v. *Kattenhorn* is again cited with approval.

In the case of *Moore* v. *Harter,* 67 O. S., 250, it was held that a tenant holding over after the expiration of a written lease holds as tenant from year to year, upon the terms of the original lease; but where the landlord notifies the tenant before the beginning of the new period that the rent will be increased, and the tenant nevertheless remains in the property, the lease will be modified as to its terms in accordance with the notice. *Armstrong* v. *Kattenhorn* is expressly distinguished by the court, though the authority of the latter case upon the question which was involved in its decision was clearly recognized. In the case of *Strong* v. *Schmidt,* 15 C. C., 233, it appears that the defendant had been in possession of the premises under a written lease for one year. Prior to the termination of the original lease, a new lease for another year was written and sent to the tenant, who declined to sign it because the amount reserved as rent was alleged to be excessive. The tenant offered, however, to remain as tenant from month to month at the same rental, but the landlord declined to entertain the proposition. Defendant continued to hold possession of the premises and paid rent at the stipulated rate, but moved before the expiration of one year.

The landlord was permitted to recover the balance of the rental for the year. The court, after citing the cases of *Armstrong* v. *Kattenhorn, supra,* and *Myers* v. *Croswell, supra,* says (pp. 238-9):

"The rule of law is—it is said that the presumption of law is—that he holds under the former contract from year to year. The language is varied by different courts in delivering the opinions; by some it is said to be a 'presumption,' by some it is said to be an 'implied contract,' and by some it is said to be a 'constructive contract;' but no matter what it is called the law clearly is, that where the party has continued in possession after the termination of a year's lease and the landlord has accepted rent from him, that the lessee holds for another year, and that the same is as binding and obligatory upon both parties, as it would be if re-executed. The landlord can not evade it only at the expiration of the year, nor can the tenant leave possession of the premises. He is likewise bound to pay rent for the year. If he chooses to leave the premises, his obligation still remains to pay. It is a binding contract. That contract can only be set aside in some manner that has reference to the law of the land. There are two, and perhaps three, ways in which it can be set aside: a new contract may be made, and there may be a surrender of the premises; but the new contract, in order to be binding, must be either a contract in writing under the statute of frauds, or it must be, if a parol contract, in pursuance of a change of possession, as the Supreme Court has said, which makes a new and binding contract."

In the case of *Schneider* v. *Curran,* 19 C. C., 224, it is held:

"A parol contract for a lease between a landlord and a tenant in possession under a prior verbal lease is within the statute of frauds and void, and the continued possession alone of a tenant does not take such contract out of the operation of the statute; there must be a new possession taken to do this.

"If the original verbal contract of lease was for a term of seven months only, and the tenant holds over and the landlord elects to treat him as a tenant, such tenant can not be held for the period of a year, but only for seven months, the length of the original term."

We find only two cases which cast any shadow of doubt upon the doctrine here enunciated as the law of this state. The first

case is that of *Wheeler* v. *Crouse,* 1 C. C., 234 (1885). In that case the tenant occupied the premises under a written lease giving him the privilege of renewal from year to year. At the termination of the first year he notified the landlord in writing that he would remain under the contract only upon condition that certain repairs were made. The landlord refused to make any, whereupon the tenant informed him that he would not retain the premises for another year, but would occupy them only until he could obtain another room in which to do business. To this notice no reply was made by the landlord. The court held that the presumption arising where the tenant holds over after the expiration of his term is rebuttable, and that in this case such presumption was in fact rebutted by the circumstances. The court finds that the written refusal by the landlord to renew the lease, accompanied by the acceptance of rental for one month, indicated that the landlord himself would not recognize the occupant as tenant for a year, and therefore denied him any recovery.

In this case it is quite apparent, however, that the court recognized the notice sent by the tenant, accompanied by the written refusal of the landlord, as a written refusal to accept the defendant as a tenant from year to year, and that after such refusal, the landlord could not adopt a position which was inconsistent with the one which he had taken in writing.

The other case is that of *Hafer* v. *Corbin,* 6 N.P.(N.S.), 468. Corbin had been a member of a partnership which leased the premises in question from Hafer. Prior to the expiration of the original lease, Corbin, anticipating a dissolution of the partnership, had a conversation with Hafer in which it was alleged that Hafer had agreed to accept him as tenant from month to month at the same rental as that paid by the partnership under the original lease. After occupying the premises for some time, Corbin removed therefrom about the middle of one of the annual periods, and Hafer instituted suit for rent from the time of removal to the expiration of such period. A verdict for the defendant was set aside by this court in general term, the court holding that (syllabus 3):

"A parol agreement for a lease to begin in the future, made with one already in possession under a prior contract, is void and could not be relieved from the operation of the statute of frauds by entry, inasmuch as the landlord by parting with possession under the subsisting contract has put it beyond his power to give possession."

This case was reversed without report by the Supreme Court in 72 O. S., 685. The reversal is there placed upon the authority of *Moore* v. *Harter, supra.* It is unnecesary, of course, for us to point out that an unreported case can have no effect upon repeated and elaborate opinions of the Supreme Court in which a particular doctrine is enunciated. This must be especially true where the reversal is based upon a case which does not even remotely involve the question at issue. The only question involved in the case of *Moore* v. *Harter* was whether a verbal demand by a landlord for an increase in rental is binding upon a tenant where the tenant remains in possession. It may perhaps seem somewhat inconsistent that the court should hold on the one hand that a verbal lease between a landlord and a tenant in possession under a prior lease is within the statute of frauds, but that the parties may by verbal agreement change the terms of the original tenancy; but that fact will not account for a reversal upon the authority of a case which involves an entirely different question. Accordingly we can attach no importance to the reversal just referred to.

We are therefore constrained to hold that the alleged agreement between Kahn, the tenant in possession, and the plaintiffs was within the statute of frauds, and that therefore the answer which has been prepared does not present a legal defense. For this reason alone, defendants will not be permitted to file it and the default judgment will stand.

It seems proper to say, in view of the elaborate argument presented by counsel, that the rule laid down in *Armstrong* v. *Kattenhorn* is not universally recognized. In many of the states it is held that even a verbal agreement, when sufficiently proved, will suffice to establish the character of the tenancy after the holding over. Of course where there has been no agreement, it

seems reasonable to infer that a tenant who remains in possession of premises after the lease has expired does so upon the same terms and subject to the same conditions as those by which he had originally bound himself; but he can not be said to hold over as tenant under the original lease. His status is in reality unfixed, and he becomes a tenant only when the landlord elects to treat him as such. If the landlord treats him as a tenant at sufferance only, he can not be subsequently held for rent; but on the contrary if the landlord has affirmed his tenancy, he may not afterwards be treated merely as a tenant at sufferance. *Featherstonhaugh* v. *Bradshaw,* 1 Wend. (N. Y.), 134. It is apparent therefore that the character of the holding over must frequently be determined solely by the actions of the parties themselves, or by the circumstances surrounding the case; and "when the circumstances are such that no inference can be drawn as to the terms upon which the tenant did hold over, the question must be left to the jury." *Wood, Land. and Ten.,* Section 13.

We have suggested that the verbal agreement must be shown by sufficient evidence. Of course, the inference being that a periodical tenancy is created, the burden of showing an agreement changing such inference would necessarily rest upon him who alleged it; and it is probable that such proof would have to be clear and convincing, to overcome the contrary inference. But the language of the text books for the most part indicates that in the opinion of the authors a verbal agreement, when sufficiently sustained by proof, is adequate to establish the character of the new tenancy. Thus, in *Underhill, Land. and Ten.,* Section 98, it is said:

"The presumption that a tenant holding over and paying rent after the expiration of his term, is a tenant from year to year is as a general rule regarded as only a presumption of fact and continues only until the contrary is shown. * * * As an intention is always an essential element of a contract, if there is no intention there is no lease. The parties are permitted to show what was the true intention by any relevant evidence and the true intention when proved may overcome the implied intention. The right of the landlord to rebut the presumption as against the tenant necessarily confers upon the tenant the reciprocal right to

rebut the presumption of a tenancy from year to year as against the landlord seeking to recover rent from him upon the assumption that he is a tenant from year to year. * * * If, however, at or before the expiration of the lease the landlord informs the tenant that he will not be allowed to occupy the premises after the expiration of the term except as tenant from month to month, no implied tenancy from year to year will arise." * * *

In *Tiffany, Land. and Ten.*, Section 210, it is said:

"Without reference to the doctrine just discussed, that the landlord has an option to regard the tenant holding over as in for another period or succession of periods, it is evident that the landlord and tenant may agree upon a continuance, or rather renewal, of the tenancy, that is, there may be a new demise by the former to the latter, with a consequent right of possession in the latter. Such a demise may be, and frequently is, in express terms, but it may be inferred from the acts of the parties. * * * Any inference, from the payment and receipt of rent or from other circumstances, as to the character of the tenancy created, upon holding over with the landlord's consent, is one of fact, and may be excluded by evidence that another class of tenancy was intended."

See 24 Cyc., 1011, 1014; *Wood, Land. and Ten., ubi supra; Taylor, Land. and Ten., ubi supra.*

We find the claim of the sufficiency of a verbal agreement made between a landlord and a tenant in possession to be sustained also by the cases of *May* v. *Rice*, 108 Mass., 150; *Shipman* v. *Mitchell*, 64 Tex., 174, 176; *Montgomery* v. *Willis*, 45 Neb., 434, 437-8; *Johnson* v. *Foreman*, 40 Ills. App., 456, 460; *Lally* v. *The New Voice*, 128 Ills. App., 455, 457.

But whatever may be our view as to the logic of defendant's contention, we feel constrained by the Ohio decisions to which reference has heretofore been made to sustain plaintiff's contention and to deny to defendant the privilege of filing the answer which he has offered.

Accordingly the motion to set aside the default judgment and to give the defendant leave to file the answer will be denied.