WILLIAM V. UNZICKER, APPELLEE, v. LENA UNZICKER ET
AL., APPELLANTS.

FILED MARCH 27, 1919. No. 20329.

1. **Appeal: EXCESSIVE VERDICT.** Excess in the amount of a verdict, to be available as error, should be called to the attention of the trial court by the motion for a new trial, and is not reviewable in the supreme court under the assignment in the motion for a new trial that the verdict is not sustained by sufficient evidence.

2. **Landlord and Tenant: ACTION FOR RENT: EVIDENCE.** Where the existence of the relation of landlord and tenant is an issue in an

action to recover the reasonable value of a year's use and oc-
cupancy of a farm owned by plaintiff, a judicial record showing
that he had collected from defendants for the preceding year
rentals for the same land may be admitted in evidence.

3. **Evidence:** COMPETENCY. Where the entire testimony of a witness
shows that he is qualified to testify to rental values of land, his
testimony on that subject should not be excluded merely because
some of his answers to questions tend to indicate a lack of neces-
sary knowledge.

APPEAL from the district court for Deuel county:
HANSON M. GRIMES, JUDGE. *Affirmed.*

*L. O. Pfeiffer,* for appellants.

*Rolfson & Hendricks, Wilcox & Halligan* and *R. H. Beatty, contra.*

ROSE, J.

Plaintiff brought this suit to recover from defendants
the rental value of a half-section of land in Deuel
county for the years 1913, 1914, 1915 and 1916, the
aggregate of the rentals demanded being $2,400. Under
instructions to which no exceptions were taken, the
jury were permitted to find in favor of plaintiff, if he
proved by a preponderance of the evidence that de-
fendants, during any of the years mentioned, used and
occupied the land with his knowledge and consent,
and that the use and occupancy were of some value.

Defendants denied the existence of the relation of
landlord and tenant, and pleaded in defense other
matters eliminated by instructions to which there were
no exceptions. The jury rendered a verdict in favor
of plaintiff for $601.50, and from a judgment for that
sum defendants have appealed.

The errors assigned in the brief of defendants are:
The findings and judgment are not sustained by suf-
ficient evidence, and are contrary to law, and the
court erred in admitting testimony offered by plaintiff.
These assignments are also found in the motion for a
new trial.

Defendants concede that the evidence is sufficient to sustain a verdict in favor of plaintiff for $234. The question of excess in the amount of the verdict is argued by defendants, but it was not specifically called to the attention of the trial court by the motion for a new trial, and was not raised indirectly by the assignment that the verdict is not sustained by sufficient evidence. *Hammond v. Edwards,* 56 Neb. 631. The judgment, therefore, is not reversible on this ground.

It is contended that a judicial record showing plaintiff had collected from defendants rentals for the year 1912 for the land in controversy was erroneously admitted in evidence. The point does not seem to be well taken. The proofs show that defendants remained in possession of the land after 1912, while plaintiff was the owner. The relation of landlord and tenant during the year 1913 was a controverted issue. Evidence that plaintiff had collected from defendants rentals for the same land for the preceding year tended to prove the existence of a tenancy, which, under the circumstances, carried with it the presumption of continuance. *Montgomery v. Willis,* 45 Neb. 434; *Lazarus v. Phelps,* 156 U. S. 202. It follows that there was no error in admitting the judicial record in evidence.

It is also argued by defendants that a witness called by plaintiff was permitted to testify to rental values without having shown the necessary qualifications. While some of his answers indicate a lack of knowledge on this subject, his testimony as a whole seems to justify the rulings of the trial court.

There are also objections to other items of testimony, but no prejudicial error has been found.

AFFIRMED.

CORNISH, J., not sitting.