JOHN VOCKE ET AL., APPELLEES, v. DELMAR THOMAS ET AL., APPELLANTS.

65 N. W. 2d 151

Filed June 25, 1954. No. 33532.

*Luebs & Elson,* for appellants.

*Cunningham & Cunningham,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

Plaintiffs John and Frances Vocke originally filed this forcible entry and detainer action in the county court of Hall County against defendants Delmar and Harold Thomas, seeking restitution of described farm lands owned by plaintiffs in said county. Upon trial to a jury of the issues made by plaintiffs' petition and defendants' pleas of not guilty, it returned a verdict finding defendants not guilty and judgment was rendered thereon for defendants at plaintiffs' costs. Therefrom plaintiffs appealed to the district court where the cause was tried to a jury upon like issues. At conclusion of all the evidence, plaintiffs' motion to direct a verdict for them and against defendants was overruled, and the jury returned a verdict finding defendants not guilty, and judgment was rendered thereon for defendants at plaintiffs' costs. Thereafter, plaintiffs' motion to vacate the judgment, set aside the verdict, and render judgment for plaintiffs notwithstanding the verdict, was sustained and judgment was rendered finding defendants guilty of unlawful and forcible detention and awarding plaintiffs restitution of the premises and costs, in conformity with the motion. Thereafter defendants filed a motion for new trial and to vacate such judgment and reinstate the verdict and judgment rendered thereon. In that connection, such a motion was not necessary for a review on appeal to this court. Krepcik v. Interstate

Transit Lines, 151 Neb. 663, 38 N. W. 2d 533. However, defendants' motion was overruled and they appealed, assigning that the trial court erred in sustaining plaintiffs' motion for judgment notwithstanding the verdict and rendering judgment in conformity therewith. We sustain the assignment.

In Paxton v. Nichols, 157 Neb. 152, 59 N. W. 2d 184, we reaffirmed that: "A motion for directed verdict or its equivalent, or for judgment notwithstanding the verdict, must be treated as an admission of the truth of all material and relevant evidence submitted on behalf of the party against whom the motion is directed, and such party is entitled to have every controverted fact resolved in his favor and have the benefit of every inference that can reasonably be deduced from the evidence."

It is elementary that ordinarily the credibility of witnesses and the testimony given by them is exclusively a question for the jury. McCown v. Schram, 139 Neb. 738, 298 N. W. 681. Also, in the absence of controlling elements of estoppel, as here, such rule applies notwithstanding the fact that quasi admissions made by witnesses may appear in the evidence tending to contradict or impeach such witnesses and the testimony given by them. Kipf v. Bitner, 150 Neb. 155, 33 N. W. 2d 518. Further, in Krepcik v. Interstate Transit Lines, 152 Neb. 39, 40 N. W. 2d 252, modified upon rehearing in another aspect unimportant here at 153 Neb. 98, 43 N. W. 2d 609, this court held: "Where on an issue of fact the evidence is conflicting it is error for the court to direct a verdict or to render judgment notwithstanding the verdict with such conflicting evidence as a basis."

The record discloses that plaintiffs pleaded and relied upon the contentions that: As owners of the described farm lands they orally leased same to defendants on or about February 15, 1952, for the year 1952, which lease by agreement was to expire March 1, 1953. Defendants thus farmed the lands during 1952. On or about July 1, 1952, defendants orally informed plaintiffs that

they did not desire any lease of the lands for the year 1953, and agreed to surrender possession thereof on March 1, 1953. Thus, plaintiffs claimed that defendants' lease expired on March 1, 1953, and that plaintiffs were entitled to possession on that date, but defendants refused to vacate the premises, and unlawfully and forcibly detained the same. Therefore, on March 24, 1953, plaintiffs caused a legal 3-day notice to vacate the premises to be respectively served upon defendants. However, they refused to obey the same and continued to unlawfully and forcibly detain possession from plaintiffs, and this action was brought. In that regard, the record discloses competent evidence which if believed by the jury would be sufficient to sustain those contentions and support a verdict of guilty with judgment rendered thereon for restitution and costs. For discussion of the principles involved, see, 51 C. J. S., Landlord and Tenant, § 89, p. 648; Montgomery v. Willis, 45 Neb. 434, 63 N. W. 794; West v. Lungren, 74 Neb. 105, 103 N. W. 1057; Corcoran v. Leon's, Inc., 126 Neb. 149, 252 N. W. 819; Bailey v. Lund, 134 Neb. 319, 278 N. W. 506.

On the other hand, however, defendants pleaded not guilty and contended that no such agreements, actual or implied, were ever made by them as claimed by plaintiffs. Defendants contended that they were simply tenants from year to year, and as such were entitled to a 6-months' notice to terminate their tenancy before they were required to surrender possession on March 1, 1953, which notice plaintiffs concededly never gave defendants. In that regard, the record discloses competent evidence which if believed by the jury, as it evidently was, would be sufficient to sustain those contentions and support a verdict of not guilty with judgment rendered thereon for defendants at plaintiffs' costs. For discussion of the principles involved, see, 51 C. J. S., Landlord and Tenant, § 142, p. 742; Critchfield v. Remaley, 21 Neb. 178, 31 N. W. 687; Farley v. Mc-

Keegan, 48 Neb. 237, 67 N. W. 161; Fenster v. Isley, 143 Neb. 888, 11 N. W. 2d 822.

The record further discloses that on March 6, 1953, plaintiffs first filed a duly verified complaint in the county court seeking restitution of the premises involved from defendants. That complaint was concededly dismissed before the second or present case was filed in that court. A copy of such first complaint appears in the evidence. Therein, plaintiffs specifically alleged that they leased the lands to defendants "by oral lease, from year to year, expiring on the first day of March of each year; that prior to September 1, 1952, these plaintiffs notified the defendants that the said lease would not be extended for another year, but that the same would be terminated as of the date of the expiration of said oral lease, to wit: March 1, 1953; * * *." Such language was of course an admission by plaintiffs which tended to contradict or impeach them and their testimony given herein, and support defendants' theory. On the other hand also, defendants' testimony given in the county court was in some respects conflicting with that given by them in the district court. However, as heretofore observed, the evidence aforesaid was given in such manner as not to be conclusive upon the parties, and the credibility of all witnesses and their testimony was a question for the jury.

An examination of the record discloses that in all material respects the evidence adduced by the parties was conflicting and the issues were properly submissible to the jury for decision thereof by it. In that regard plaintiffs in their brief concede that: "The evidence on all material issues is in dispute." In such a situation, the trial court could not properly have rendered a judgment notwithstanding the verdict.

For reasons heretofore stated, we conclude that the trial court erred in sustaining plaintiffs' motion for judgment notwithstanding the verdict and in rendering a judgment in conformity with such motion. Therefore,

the judgment should be and hereby is reversed and the cause is remanded with directions to reinstate the verdict finding defendants not guilty and the judgment rendered thereon in favor of defendants, at plaintiffs' cost. All costs are taxed to plaintiffs.

REVERSED AND REMANDED WTIH DIRECTIONS.