Traphagen v. Lincoln Traction Co.

CHARLES D. TRAPHAGEN, APPELLEE, V. LINCOLN TRACTION
COMPANY, APPELLANT.

FILED OCTOBER 20, 1923.   No. 22516.

1. **Negligence.** Under the circumstances of this case as shown by the evidence, whether the failure of plaintiff to look and listen before undertaking to pass in front of the street car constituted such negligence as would defeat plaintiff's recovery was a question of fact.

2. **Appeal:** DIRECTED VERDICT. "In determining whether a peremptory instruction was justified, the party against whom the verdict is directed is entitled to have every controverted question of fact resolved in his favor, and to have the benefit of every inference that reasonably can be deduced from the facts in evidence." *Schmelzel v. Leecy,* 104 Neb. 672.

3. **Negligence:** CONTRIBUTORY NEGLIGENCE: QUESTION FOR JURY. Where it is established, in an action to recover damages suffered by plaintiff as a result of a collision between his automobile and one of defendant's street cars, that plaintiff, having his attention attracted by the violent sounding of the gong on a street car approaching a street intersection from the east, without looking to the west to observe if a car might be approaching from that direction, drove his car upon defendant's tracks, where it was struck by an east-bound street car which was then operated at the rate of 20 to 22 miles an hour without sounding a gong or giving any warning of its approach, it is proper for the court to submit the questions of negligence and of contributory negligence to the jury under our comparative negligence statute (Comp. St. 1922, sec. 8834).

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Field, Ricketts & Ricketts,* for appellant.

*Peterson & Devoe, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, DAY and GOOD, JJ., REDICK, District Judge.

MORRISSEY, C. J.

This action was brought by plaintiff to recover for damages sustained in a collision between his automobile and one of defendant's street cars at the intersection of O street and Seventeenth street in the city of Lincoln, about 7:30 p. m., November 22, 1920. Plaintiff was driving north on Seventeenth street. When he arrived

at the intersection two of defendant's cars were approaching, one from the east, the other from the west. Plaintiff's car was struck and damaged by the east-bound car. As a basis for recovery plaintiff contends that the motorman on the east-bound car failed to sound the gong or give any warning of its approach; that he knew plaintiff was approaching the track and was in a dangerous situation, but negligently failed to stop his car, and that the street car was driven at an excessive rate of speed. There are other allegations of negligence in the petition, but they are not material to the issue here presented. The answer contains a general denial coupled with an allegation of negligence on the part of plaintiff. The case was submitted to a jury, and from a verdict and judgment in favor of plaintiff defendant appeals.

The controlling assignment of error is that the court erred in failing to instruct a verdict in favor of defendant. The evidence discloses that plaintiff drove upon the track without looking to the west from whence the street car causing the damage came, and it is the contention of defendant that the failure of plaintiff to take proper precautions for his own safety and the protection of his property constituted such negligence upon his part as to defeat a recovery. The facts disclosed by witnesses for the plaintiff show that at the time the accident occurred the streets were wet and the rails and pavements slippery, the sun had set and a light mist had fallen. The pavement on Seventeenth street immediately south of its intersection with O street was rough, except a strip lying slightly to the west of the center which had been resurfaced. Plaintiff drove his car along the resurfaced strip of pavement until he reached the intersection of O street, where he claims to have veered his car to the right so that he might cross the intersection on the proper side of the street. He claims to have come to a full stop before entering the intersection, but says that, as he did so, his attention was attracted by the sounding of a gong on a west-bound street car

which was approaching from the east. He claims to have driven into the intersection at a low rate of speed, and that his attention was directed exclusively to the west-bound car, the gong of which car was being rung with unusual violence, and that he, for the instant, failed to look to the west and therefore did not see the car approaching from that direction until the forward part of his automobile had crossed the south rail of the east-bound track, and at that instant he saw the east-bound street car, heard the motorman call out to him, and the collision instantly occurred. He testified that the gong on the east-bound street car was not sounded nor any warning given of its approach, and that it was running at from 20 to 22 miles an hour. There is other testimony which corroborates plaintiff in his claim that the gong was not sounded nor any other warning given, and also as to the rate of speed. This testimony is directly contradicted by the motorman and other witnesses who testified for defendant. These witnesses testified that the gong was sounded before the car entered the intersection, sounded again before the collision occurred, and that the rate of speed was at from 12 to 15 miles an hour.

It is conceded that immediately before the collision the motorman threw on the emergency brake, and, according to some of the witnesses, the car came to a full stop almost immediately after the collision, while according to other testimony the car traveled 25 feet after the collision. It does not appear that the distance traveled after the collision can be material, except only as it may indicate the rate of speed at which the street car was progressing. On this point it is of doubtful weight. Plaintiff's automobile weighed in the neighborhood of two tons; the weight of the street car is not pointed out in the briefs, but it is shown to be a light-weight car operated by one man who performs the dual functions of motorman and conductor. The car was derailed as a result of the collision.

The court instructed the jury on the doctrine of comparative negligence under the provisions of section 8834, Comp. St. 1922. Laying aside all the minor issues, this appeal presents the question as to whether the trial court should have instructed a verdict for defendant, or submitted the cause, as it did, to the jury to determine from all the evidence whether either of the parties were guilty of negligence, and, if so, was the negligence of plaintiff slight and the negligence of defendant gross in comparison. The act of plaintiff which defendant relies upon as showing contributory negligence of sufficient degree to defeat a recovery is his driving upon the track without looking to the west at a time when he might have seen the east-bound car and avoided the collision.

"In determining whether a peremptory instruction was justified, the party against whom the verdict is directed is entitled to have every controverted question of fact resolved in his favor, and to have the benefit of every inference that reasonably can be deduced from the facts in evidence." *Schmelzel v. Leecy,* 104 Neb. 672.

Under this rule, before the court could instruct a verdict in favor of defendant, it would have to give full faith and credence to the testimony of plaintiff and his witnesses and concede that the street car was being driven across the street intersection at from 20 to 22 miles an hour; that no gong was sounded nor any warning given; that plaintiff was traveling on the proper side of the street at 6 or 8 miles an hour, and that his eyes were upon the street car approaching from the east with the gong sounding with unusual violence. With these facts conceded, the court would have had to find that reasonable minds could not differ on the question as to whether the negligence of plaintiff in failing to look to the west was more than slight and that of defendant in the operation of its car gross in comparison and resolve that question in favor of defendant. May reasonable minds differ on the question? It requires no discussion to show that plaintiff ought to have

looked to the west as well as to the east before driving upon the track, and that his failure so to do was negligence. *Haffke v. Missouri P. R. Corporation, ante,* p. 125, and cases therein cited. On the other hand, the rate of speed at which it is said the car was operated and the failure to sound the gong or give notice of its approach are facts which, if accepted as established, would constitute negligence on the part of defendant. The rule to be followed under such circumstances is announced in *Francis v. Lincoln Traction Co.,* 106 Neb. 243, as follows:

"Where there is evidence tending to prove both negligence and contributory negligence in an action to recover damages for the causing of death by a wrongful act, the duty of making the comparison under the comparative negligence law is imposed upon the jury, unless the evidence of negligence is legally insufficient to sustain a verdict in favor of plaintiff, or the evidence shows the contributory negligence of the plaintiff is more than slight, or where the defendant's negligence is not gross in comparison with that of plaintiff."

Under all the circumstances, we are constrained to hold that the court did not err in submitting the cause for the determination of the jury.

AFFIRMED.