EMMA TEMPEL, APPELLANT, v. JONAS F. PROFFITT ET AL., APPELLEES.

FILED JANUARY 8, 1932. No. 27995.

*James D. Conway*, for appellant.

*Stiner & Boslaugh, Edmund P. Nuss* and *G. W. Bolin*, contra.

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and CHASE and HASTINGS, District Judges.

GOSS, C. J.

This is an action for damages for personal injuries. Negligence is charged and contributory negligence of plaintiff was an issue. Verdict and judgment were for defendants. The jury were not instructed on the subject of comparative negligence. Comp. St. 1929, sec. 20-1151; *Morrison v. Scotts Bluff County*, 104 Neb. 254. They should have been instructed on that subject, unless the evidence of negligence of defendants was legally insufficient or unless the contributory negligence of plaintiff required a verdict for defendants. *Day v. Metropolitan Utilities District*, 115 Neb. 711; *Traphagen v. Lincoln Traction Co.*, 110 Neb. 855; *Baker v. Omaha & C. B. Street R. Co.*, 110 Neb. 246, 249; *Casey v. Ford Motor Co.*, 108 Neb. 352; *Francis v. Lincoln Traction Co.*, 106 Neb. 243; *Robison v. Troy Laundry*, 105 Neb. 267.

There was evidence to show that plaintiff, an employee

of a tenant of defendant owners, on an errand for her employer, when injured, was using a stairway which was the only means of going to and from the second floor, where she was employed; it was the duty of the owners to keep the stairway in reasonable repair; some of the steps had been in a defective condition for some time and plaintiff was aware of that fact, but defendants were not; plaintiff was injured by reason of a defective condition of one of the steps. The evidence does not show affirmatively that the plaintiff was not exercising due care when she was injured, unless the mere fact that she was injured in the circumstances stated requires that conclusion.

Section 568, 16 R. C. L., 1049, says: "Even though it is the duty of a landlord to keep the portions of his premises under his control in reasonably safe condition, the right of the tenant to recover for injuries caused by defects thereon may be barred by reason of his contributory negligence. * * * It is generally held, however, that the mere fact that a tenant is aware of the defective condition of a portion of the premises which it is the duty of the landlord to repair does not as a matter of law make it contributory negligence to continue the use of the same, if it reasonably appears that he might safely do so with the exercise of care. Thus, the fall of a tenant in a tenement house, caused by a hole in a stair carpet, does not as matter of law show contributory negligence, although he knew of the holes in the carpet and the stairway was well lighted at the time." The duties and liabilities of a landlord to his tenants in such matters extend to an employee of a tenant. 16 R. C. L. 1067, sec. 588.

We cannot say that reasonable minds could come to no other conclusion than that plaintiff was shown by the evidence to be guilty of more than slight negligence and that judgment must have been rendered by the court in favor of defendant, as in *Frye v. Omaha & C. B. Street R. Co.,* 106 Neb. 333; *Haffke v. Missouri P. R. Corporation,* 110 Neb. 125; *Tyson v. Missouri P. R. Corporation,* 113 Neb. 504. Nor do we think *Grandorf v. Detroit Citizens Street*

*R. Co.*, 113 Mich. 496, strongly urged by defendant, is controlling here. There the court charged the jury that plaintiff was guilty of contributory negligence and could not recover. But there the stones were in a public street; plaintiff saw and knew all the risks; she had a choice of ways and knowingly chose a dangerous way. Here the plaintiff had no choice of ways because there was only one stairway; the risks were not so plain; it appeared safe to use the stairs by exercising care. Whether she was guilty of contributory negligence and, if so, whether it was more than slight, was a matter for the jury to weigh in the light of all the circumstances. See the negligence cases systematically annotated under "c. Hall and Stairway Carpeting" and "d. Protruding nails, screws, etc." in the following American Law Reports, annotated: 25 A. L. R. 1307, 1310; 58 A. L. R. 1418, 1419; 75 A. L. R. 166.

So, we hold that the failure of the court to instruct the jury on the subject of comparative negligence was prejudicial to the plaintiff.

By the fifth paragraph of his first instruction to the jury, the court placed upon the plaintiff the burden of proving by a preponderance of the evidence that the action was not caused by nor the result of her own negligence. While it is true that the jury may derive its conclusion of facts from all the evidence, whether submitted by plaintiff or defendant, yet the burden is on defendant to prove the contributory negligence of plaintiff. For that is its defense to plaintiff's plea and proof of negligence.

For the reasons stated, the judgment of the district court is reversed and the cause remanded.

REVERSED.