RACHEL MCDONALD, ADMINISTRATRIX, APPELLEE, v. ELMER WRIGHT, APPELLANT.

FILED JANUARY 26, 1934. No. 28733.

*Crofoot, Fraser, Connolly & Stryker,* for appellant.

*Maher & Carrigan, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

DAY, J.

This was an action brought by the plaintiff to recover damages for the wrongful death of her son as the result of a collision between the Ford sedan driven by him and the defendant's truck. The defendant appeals from a judgment in favor of plaintiff.

The sufficiency of the evidence to sustain a verdict is questioned. An examination of the evidence discloses that, upon the question of the negligence of both parties, there is evidence very much in conflict. The evidence is such that reasonable minds might draw different conclusions as to the comparative negligence of the parties. In such a case, the question is one for the determination of the jury. *Casey v. Ford Motor Co.*, 108 Neb. 352. It can neither be said as a matter of law that there was negligence on the part of plaintiff which was more than slight, nor that the negligence of defendant was less than gross in comparison with the contributory negligence of plaintiff. *Day v. Metropolitan Utilities District*, 115 Neb. 711; *Traphagen v. Lincoln Traction Co.*, 110 Neb. 855. There is evidence in the record tending to prove negligence on the part of both plaintiff and defendant. Substantially every statement of fact relating to negligence made by a witness on one side is contradicted by a witness for the other party. This case was for submission to the jury.

Other assignments of error are directed to the instructions. One instruction contains this statement, "and if you find that defendant's negligence was the proximate cause of the accident," which is said by appellant to be an assumption by the court that defendant was negligent. *Pratt v. Western Bridge & Construction Co.*, 116 Neb. 553, cited by appellant, does hold that such an assumption is erroneous. It also holds that "such error is not cured by other instructions defining 'slight negligence,' 'gross negligence,' 'burden of proof,' 'preponderance of evidence,' where the doctrine as to comparative negligence is erroneously stated by the court."

However, in *Christensen v. Tate*, 87 Neb. 848, this court held that "instructions must be considered and construed together." In a previous instruction, the court told the jury that, before plaintiff could recover, he must establish by a preponderance of the evidence that the defendant was negligent. This presents a similar situation to that in *Clausen v. Johnson*, 124 Neb. 280. We disposed of the question there by quoting from *Christensen v. Tate, supra,* as follows: "When the jury in one instruction is told that, in order to find for the plaintiff, they must first find that the damages complained of were caused by defendant's negligence, a subsequent instruction that, if they find for. the plaintiff, the plaintiff would be entitled to recover the damage he has sustained by reason of the negligence of defendant, is not erroneous as assuming that the defendant was negligent." This case comes within the rule.

But the same instruction meets a more serious challenge in that it states in another part that under certain conditions the plaintiff may recover, "unless you find that it affirmatively appears by a preponderance of the evidence that the plaintiff's son was also guilty of gross negligence."

The word "gross" was undoubtedly inserted by inadvertence by the trial judge, but it is prejudicial to the defendant in that it erroneously requires him to establish by a preponderance of the evidence that plaintiff's son was guilty of gross negligence to defeat a recovery. All that the law requires defendant to so prove to defeat plaintiff's recovery is that her son's negligence was more than slight. This instruction could only be justified if there were only two degrees of negligence, slight and gross. But this court has recently defined gross negligence as "negligence in a very high degree, or the absence of even slight care in the performance of a duty." *Morris v. Erskine*, 124 Neb. 754. See *Swengil v. Martin, ante,* p. 745; *Gilbert v. Bryant, ante,* p. 731. These cases were decided under statute providing that in a certain case

recovery could not be had, unless defendant was guilty of gross negligence. But that statute does not define gross negligence.

The books generally state that there are more degrees of negligence in the absence of statutory standards. They are generally stated as slight, ordinary, and gross negligence. 20 R. C. L. 22, sec. 17; 45 C. J. 666; 1 Thompson, Negligence, 18. The instruction to the jury that the defendant could not defeat a recovery "unless you find that it affirmatively appears by a preponderance of the evidence that the plaintiff's son was also guilty of gross negligence" was prejudicially erroneous. That plaintiff's son was also guilty of gross negligence is prejudicially erroneous for, if plaintiff's son was guilty of more than slight negligence, plaintiff could not recover. Comp. St. 1929, sec. 20-1151.

Appellant contends that the verdict is excessive and criticizes the instruction as to the measure of damages. The instruction is said not to be sufficiently explicit to be applicable to the evidence. Since it is necessary that this case be tried again, it is unlikely that the same instruction will be given again, especially if the attorney for the appellant may help by submitting a proper instruction applicable to the evidence in the case with a request that it be given. The excessiveness of the verdict need not be considered as it is necessary to submit the case to another jury.

REVERSED AND REMANDED.