HELEN R. ROGERS, ADMINISTRATRIX OF THE ESTATE OF HENRY E. ROGERS, DECEASED, APPELLEE AND CROSS-APPELLANT, v. KEITH SHEPHERD, APPELLANT AND CROSS-APPELLEE.

66 N. W. 2d 815

Filed November 12, 1954. No. 33549.

*Jean B. Cain,* for appellant.

*C. Russell Mattson* and *Donald R. Kanzler,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages by Helen R. Rogers,

administratrix of the estate of Henry E. Rogers, deceased, plaintiff and appellee, and cross-appellant, who will hereinafter be referred to as plaintiff, against Keith Shepherd, defendant and appellant, who will be hereinafter referred to as defendant. The action is in four causes of action. The first is for damages to an automobile which had been the property of plaintiff's decedent, the second is for medical service rendered to plaintiff's decedent and for his pain and suffering, the third is for funeral expense of plaintiff's decedent, and the fourth is for wrongful death of plaintiff's decedent.

The action was tried to a jury and a demurrer to the evidence was sustained as to the first cause of action and of course it was not submitted to the jury for consideration. A verdict was returned in favor of plaintiff on the second cause of action for $506, on the third for $679, and on the fourth for $5,000. Judgment was rendered on the verdict. Motions for new trial were filed by both parties. These were duly overruled. From the judgment and the order overruling his motion for new trial the defendant has appealed and the plaintiff has cross-appealed.

The action is predicated on alleged negligence of the defendant in the operation of his automobile on a public highway in Johnson County, Nebraska, on January 5, 1951, at about 9:30 a. m. The point where it is claimed that the negligence occurred is on a north and south highway about 1 mile east and 4 miles south of Sterling, Nebraska. At this location an automobile owned and operated by plaintiff's decedent and one owned and operated by the defendant came into collision. Plaintiff's decedent was traveling in a northerly direction and defendant was traveling in a southerly direction. The collision was by contact of the front ends of the two automobiles.

In the petition, to the extent necessary to state herein, it was charged substantially that defendant was negligent in that he drove his automobile at a speed of 40

miles an hour which was in excess of what was reasonable and proper; that he failed to keep his automobile under reasonable control; that he failed to keep his automobile on the right side and to yield the right half of the roadway in approaching plaintiff's decedent; that he drove on the left side in approaching and passing over the crest of a grade when the view ahead was obstructed; that he failed to operate his automobile in such manner as to avoid striking the automobile of plaintiff's decedent after it came into the range of his vision; that he failed to keep a proper lookout; that he failed to timely apply his brakes; that he failed under the known conditions to equip his automobile with chains; that he failed to sound his horn; and that after discovering the position of peril of plaintiff's decedent and with a last clear chance to avoid accident he failed to do so.

By answer the defendant denied the charges of negligence against him contained in the petition. In the answer the defendant charged that the collision was caused by the negligence of plaintiff's decedent. The specifications are in substance the same as those made by plaintiff against the defendant. They therefore will not be repeated here.

The defendant presents two assignments of error as grounds for reversal and the plaintiff five. The one requiring first consideration here is the first one made by defendant as follows: "The court erred in overruling defendant's motion for directed verdict at the close of plaintiff's evidence and again when all evidence had been submitted."

By this assignment the sufficiency of the evidence to sustain a finding of negligence under the issues pleaded is challenged. This challenge requires an examination of the evidence. In such examination the plaintiff is entitled to have treated as true all competent evidence submitted on her behalf, is entitled to have every fact controverted by evidence resolved in her favor, and is entitled to have resolved in her favor the benefit of every

inference which can reasonably be deduced from the evidence. Davis v. Spindler, 156 Neb. 276, 56 N. W. 2d 107.

There is little difference in the direct evidence adduced on behalf of plaintiff and of defendant.

All of the direct evidence of the plaintiff as to how the collision occurred came from the defendant. It came about as follows: After the occurrence defendant was interviewed as to it and the interview taken down and transcribed by a court reporter. This interview was adduced and admitted into evidence on behalf of plaintiff as admission against interest made by defendant. Whether or not it was thus properly admissible we do not determine since the question is not raised on this appeal. A portion of another interview was in like manner adduced.

In addition to this direct evidence there was evidence as to the character and condition of the highway, and the location and condition of the two automobiles after the collision. Photographs were taken of the highway in the immediate location and of the automobiles in their condition and position after the collision, which were adduced in evidence. There was evidence that the usable portion of the highway was about 20 feet in width.

The plaintiff's evidence, other than the photographs, as to the cause of the collision, which as already pointed out appeared in the admissions which plaintiff adduced, was substantially that this road was covered with snow and ice; that there was one traveled way down the middle of the road; that defendant was driving in this traveled way at from 30 to 40 miles an hour; that he was probably using the overdrive; that as he came to about the top of a hill he saw plaintiff's decedent coming from the opposite direction and about 100 feet away and ascending the hill also driving in the traveled way at the middle of the road; that when he saw plaintiff's decedent he attempted to apply his brakes lightly so as to stop his car and attempted to turn right out of the trav-

eled way; and that the automobiles collided while both were in the traveled way.

The photographs show the two automobiles standing apart with the rear end of defendant's automobile about the middle of the road with the right front wheel at about the center, and with the right front wheel of the automobile of plaintiff's decedent near the center and with the rear end well over to its left side of the road. The indication is that this automobile moved backward and downhill the distance it was from defendant's automobile. These photographs show badly damaged front ends of both automobiles extending all the way across each. Considerable debris appears at and under the front end of defendant's automobile.

This we think is a substantial and fair résumé of the evidence relating to the question of negligence at the close of plaintiff's evidence and at the time when defendant first moved for a directed verdict.

The motion was overruled and thereafter the defendant testified in his own behalf. His testimony was not materially different from the statements in that part of plaintiff's evidence contained in the admissions against interest except that in his testimony estimate of his speed as he approached the scene of the collision was 35 miles an hour.

In addition there was evidence that the front ends of the automobiles were separated by a distance of 12 feet and that as he was driving along plaintiff's decedent was occupying the middle of the road. There is no evidence as to the rate of speed at which plaintiff's decedent was traveling.

As is observable from what has been said with reference to pleadings the question of negligence of plaintiff's decedent as well as that of defendant was issuable in the case. If there was evidence of negligence on the part of defendant and also on the part of plaintiff's decedent it became necessary in the district court and it becomes necessary here to apply the comparative negli-

gence rule as declared and defined by statute. § 25-1151, R. R. S. 1943.

By the terms of this statute a plaintiff may recover on account of the negligence of a defendant even though guilty of negligence himself provided that the defendant's negligence is gross and his own is slight by comparison. Also by the terms of this statute questions of negligence and contributory negligence are for the jury.

In a long line of cases however this court has held that where the evidence shows beyond reasonable doubt that plaintiff's negligence was more than slight in comparison with that of the defendant the action should be dismissed or verdict directed. One of the earlier cases is Dodds v. Omaha & C. B. St. Ry. Co., 104 Neb. 692, 178 N. W. 258. Some later cases are Pierson v. Jensen, 150 Neb. 86, 33 N. W. 2d 462; Krepcik v. Interstate Transit Lines, 152 Neb. 39, 40 N. W. 2d 252; and Bishop v. Schofield, 156 Neb. 830, 58 N. W. 2d 207.

Passing over a determination of the question of whether or not the evidence is sufficient to sustain a finding that the defendant was guilty of negligence in the operation of his automobile and assuming that he was guilty, which we deem proper in the light of the record and the manner in which the appeal has been presented, we turn to the question of whether or not under the evidence the question of the contributory negligence of plaintiff's decedent was one for the court or the jury.

If the testimony coming from the witnesses of plaintiff is to be accepted and on it the defendant may be said to have been guilty of negligence it appears unreasonable to say that on this same evidence plaintiff's decedent was not guilty of negligence. The only substantial differences as to the two with regard to causation appear in the following: The defendant was traveling south at from 30 to 40 miles an hour without chains and saw the other car about 100 feet ahead; he made some effort to stop but was unable to do so; he tried unsuccessfully to turn aside; and after going over the

crest of the hill he was going downhill; whereas plaintiff's decedent was traveling north and uphill with chains; there is no evidence as to his speed, none as to whether or not he attempted to stop or turn aside, and none as to whether or not he ever saw defendant. However his view was unobstructed and he could have observed the situation as soon as defendant could.

As to the question of whether or not plaintiff's decedent saw defendant's automobile, no benefit could flow from a failure to see that which was in plain view. A failure to look and to see that which if seen would avoid an accident is as a matter of law more than slight negligence. Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491.

As pointed out nothing additional appears in the testimony of defendant's witnesses to support the position of plaintiff.

From this analysis, the only permissible conclusion is that this evidence shows beyond reasonable dispute that the negligence of plaintiff's decedent was more than slight in comparison with that of the defendant.

The only other evidence in the record bearing on this question is that which appears upon and may be deduced from the photographs appearing in evidence. These, as pointed out, show the location and condition of the automobiles after the accident. The only explanation as to how they got in that condition is that contained in the evidence already reviewed herein. No contrary purport or inference reasonably flows from the photographs.

From all of the evidence, it is shown beyond reasonable dispute that plaintiff's decedent was guilty of negligence more than slight and that the court erred in refusing to sustain defendant's motion for a directed verdict. This conclusion renders unnecessary a consideration of other questions involved in the appeal.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

WENKE, J., dissenting.

I dissent from the majority's holding that the only permissible conclusion to be drawn from the evidence is that plaintiff's decedent was guilty of such negligence as to defeat plaintiff's right to recover.

The rule applicable in that regard is stated in Bishop v. Schofield, 156 Neb. 830, 58 N. W. 2d 207, as follows: "If the evidence is undisputed, or such that minds of men could not reasonably arrive at any other conclusion, the question is one for decision by the court as a matter of law; otherwise, it is a question for the jury to decide as other issuable facts in the case."

In considering the record the majority opinion correctly states the rule applicable as follows: "In such examination the plaintiff is entitled to have treated as true all competent evidence submitted on her behalf, is entitled to have every fact controverted by evidence resolved in her favor, and is entitled to have resolved in her favor the benefit of every inference which can reasonably be deduced from the evidence."

From the evidence adduced I think a jury could find as follows: That the road where the accident took place was graded and had a traveling surface which was about 20 feet in width; that on the day of the accident it was covered with packed snow, which was slick, thus making the surface very slippery; that generally travel had been in the center of the graded surface, although the full width thereof could be used for that purpose; that plaintiff's decedent was traveling north toward the crest of a hill; that he was traveling in the center portion of the road; that the defendant was traveling south on this same road and also occupying the center portion thereof; that defendant observed decedent's car when he came over the crest of the hill; that decedent's car was then about 100 feet away; that defendant was traveling at a speed somewhere between 35 and 40 miles an hour; that he did not have chains on his car; that his car was in overdrive; that as defendant's car came over

the hill decedent, who had chains on his car, turned his car to the right or east portion of the traveled surface of the road; that he did so after defendant's car had come over the crest of the hill and started down the south side; that after coming over the crest of the hill and seeing decedent's car defendant applied his brakes but was unable to stop his car; that defendant also tried to turn his car to the right, or onto the west side of the traveled portion of the road, but was unable to do so; that just before defendant's car reached decedent's car the defendant's car slid or skidded to the left or east portion of the road; that as a result of doing so it crashed head-on into the front end of decedent's car; and that the collision took place east of the center of the traveled portion of the road and some 40 to 50 feet south of the crest of the hill.

As a result of the collision the defendant's car came to an abrupt stop but decedent's car was driven back to the southwest some 25 to 30 feet. How the cars traveled, immediately before and after the accident, and the direction they took is fully evidenced by the tracks of their tires in the snow, which are shown by pictures introduced which show their position immediately following the collision, and by witnesses who testified in regard thereto. Where the collision took place is further evidenced by where the debris from the cars laid on the highway and where the antifreeze spilled out and stained the snow.

I have not overlooked the fact that defendant testified the collision occurred in the center of the road and that this fact is corroborated by another witness. If that is true then I would agree that plaintiff should not recover as decedent would then have been guilty of such negligence as to defeat his right to recover. On the other hand, if decedent turned his car to the right and onto the east half of the road I cannot see how he could then be guilty of such negligence as to defeat plaintiff's right to recover for that is certainly all that any ordi-

narily prudent man could or should be expected to do. It certainly was not his duty to anticipate that defendant would not be able to control his car. To me the record presents a question of fact for the jury and not one of law for the court. In my judgment the trial court was correct in submitting it to the jury.

CHAPPELL, J., joins in this dissent.