250 F.2d 916
 Ed LUTHER, as Administrator of the Estate of Ruth Hafner,
deceased, and Ed Luther, as Administrator of the
Estate of L. G. Hafner, deceased, Appellants,
v.
Forrest E. MAPLE and Donna Maple, Appellees.
 No. 15774.
 United States Court of Appeals Eighth Circuit.
 Jan. 10, 1958, Rehearing Denied Feb. 6, 1958.
 
 J. F. X. Conmy, Fargo, N.D. (Conmy & Donahue and Nilles, Oehlert & Nilles, Fargo, N.D., were with him on the brief), for appellants.
 Wiley E. Mayne, Sioux City, Iowa (D. Carlton Shull and Shull, Marshall, Mayne, Marks & Vizintos, Sioux City, Iowa, were with him on the brief), for appellees.
 Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.
 SANBORN, Circuit Judge.
 
 
 1
 This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiffs (appellees), against Ed Luther, as Administrator of the Estate of L. G. Hafner, deceased, in a personal injury and property damage action arising out of an automobile accident which occurred on August 18, 1955, in Pierce County, Nebraska, at about one o'clock in the afternoon, when the Dodge automobile of L. G. Hafner, of Ellendale, North Dakota, traveling south on U.S. Highway 81, and the Ford automobile being driven east on U.S. Highway 20 by Forrest E. Maple, of Antelope County, Nebraska, collided in the intersection of those highways. The accident resulted in the death of L. G. Hafner and his wife, Ruth Hanfner, who were thrown from the car in which they were riding; the serious and permanent injury of Forrest E. Maple; some nonpermanent injuries to his wife, Donna Maple; and damage to both cars.
 
 
 2
 The Maples brought this action against Ed Luther, as administrator of the estate of each of the deceased Hafners, upon the claim that the accident was caused by the negligence of the driver of the Hafner car-- stated in the complaint to be Ruth Hafner-- in failing to stop in compliance with the stop sign on U.S. Highway 81, just north of the intersection with U.S. Highway 20, and in failing to yield the right of way to the Maple car, as required by Nebraska law. In his answer, Luther, who will be referred to as 'the defendants', asserted the usual defenses of no actionable negligence on the part of the driver of the Hafner car and contributory negligence of Forrest E. Maple, the driver of the Maple car. Luther also set up a counterclaim on behalf of each estate, asserting that it was the negligence of Forrest E. Maple that caused the accident.
 
 
 3
 Jurisdiction was based on diversity of citizenship and amount in controversy. The controlling substantive law is that of Nebraska.[1]
 
 
 4
 The jury returned a verdict for the plaintiffs against Ed Luther, as Administrator of the Estate of L. G. Hafner. It found for Ed Luther, as Administrator of the Estate of Ruth Hafner. It awarded Forrest E. Maple $70,000 damages, and Donna Maple $10,000.
 
 
 5
 In cases such as this, governed, as they are, by the law of the state in which the accident occurred, the decision of this Court is little more than a forecast or prophecy as to what the supreme Court of the state would probably decide if the case was before it (Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733), and can be of little interest to anyone except the parties and their counsel, who are entirely familiar with the issues and the evidence. All that this Court reasonably can be expected to do in such cases is to see that the result of the trial as not induced by a clear misconception or misapplication of the applicable state law. Russell v. Turner, 8 Cir., 148 F.2d 562, 564. See, also, Buder v. Becker, 8 Cir., 185 F.2d 311, 315, and Ortman v. Smith, 8 Cir., 198 F.2d 123, 127. Our opinions in such cases should, we think, be as short and concise as we are capable of making them.
 
 
 6
 The defendants assert that the trial court erred (1) in failing to inform counsel of its rulings on requests for instructions prior to the arguments to the Federal as required by Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; (2) in failing to direct a verdict for the defendants; (3) in granting a dismissal of the defendants' counterclaim, and so advising the jury prior to the court's charge; (4) in admitting in evidence certain exhibits, and permitting the projection on a screen before the jury of films showing Forrest E. Maple being treated for his injuries; (5) in failing to give a number of instructions requested by the defendants; and (6) in instructing the jury that Donna Maple could recover for loss of consortium due to her husband's injuries.
 
 
 7
 * In the absence of any request by the defendants' counsel to be informed of the court's rulings on his requests for instruction prior to his argument to the jury, the mere failure of the court to conform with Rule 51 of the Federal Rules of Civil Procedure was not reversible error. Cf. Pennsylvania Railroad Co. v. Minds, 250 U.S. 368, 375, 39 S.Ct. 531, 63 L.Ed. 1039; Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447, 450-451.
 
 2
 
 8
 We connot agree with the defendant's contention that the trial court should have granted their motion for a directed verdict. The evidence showed that U.S. Highway 20 was a main east and west arterial paved highway, upon which the Maple car was traveling east at a lawful rate of speed, and in the south lane, where it belonged; that the highway way was protected by stop signs against cars moving on Highway 81; that the Hafner car, traveling south on Highway 81, moved into the intersection, crossed the north lane of Highway 20, and struck the side of the Maple car near its front end. The Maple car, approaching the intersection from the right of the Hafner car, must have been in plain sight of the driver of that car for an appreciable length of time before the Hafner car crossed the north lane of Highway 20 and reached the center line of that Highway. If the driver of the Hafner car had stopped at any time before encroaching upon the south lane of that Highway, the accident would not have occurred. The evidence does not show that the Hafner car did not stop before entering the intersection, but it does show that the Hafner car did not yield the right of way to the Maple car as required by Nebraska law. See 39-728, Revised Statutes of Nebraska 1943, Reissue of 1952, requiring motor vehicles entering intersections to give the right of way to vehicles approaching from the right; and 39-729, Revised States of Nebraska 1943, Reissue of 1952, requiring that all vehicles crossing highways protected by stop sings 'shall give the right-of-way to vehicles upon the highways to be driven upon or crossed.' The failure of an automobile driver to yield the right of way as required by these statutes is evidence of negligence. Angstadt v. Coleman, 156 Neb. 850, 865, 58 N.W.2d 507, 515 and cases cited.
 
 
 9
 In Meyer v. Hartford Bros. Gravel Co., 144 Neb. 808, 811, 14 N.W.2d 660, 661, the court said:
 
 
 10
 '* * * A driver of a vehicle about to enter a highway protected by stop signs must stop as directed, look in both directions and permit all vehicles to pass which are at such a distance and draveling at such a speed that it would be obviously dangerous for him to proceed across the intersection. * * *'
 
 
 11
 See, also, Rogers v. Shepherd, 159 Neb. 292, 298, 66 N.W.2d 815, 819, and Ritter v. Hering, 135 Neb. 1, 5, 280 N.W. 231, 233.
 
 
 12
 Under the evidence in this case which shows how and why this accident happened, the presumption of due care so far as the driver of the Hafner car was concerned is out of the case. Eggeling v. Chicago, R.I. & P. Railway Co., 119 Neb. 229, 228 N.W. 361, 231 N.W. 152.
 
 3
 
 13
 The question whether the trial court erred prejudicially in dismissing the defendants' counterclaims at the close of the evidence and in advising the jury of such dismissal presents difficulties. At the time the counterclaims were dismissed, the question as to whch one of the Hafners was driving the Hafner car was an undetermined issue of fact. There was no evidence which would sustain a conclusion that Ruth Hafner was guilty of negligence or was responsible in any way for the collision if she was not driving the car. We think it cannot be held as a matter of law that Forrest Maple was not guilty of any negligence which, to the slightest extent, contributed to the happening of the collision. This the trial court recognized in submitting to the jury the issue of the alleged contributory negligence of Forrest Maple under the comparative negligence law of Nebraska. We think that the trial court should have reserved its ruling on the motion of the plaintiffs to dismiss the defendants' counterclaims until after verdict, and should have submitted the issues raised by those claims to the jury. The jury's verdict against the Administrator of the Estate of L. G. Hafner and its verdict in favor of the Administrator of the Estate of Ruth Hafner determined that L. G. Hafner was the driver of the Hafner car and that Ruch Hafner was a passenger. The negligence of the driver of the Hafner car greatly exceeded the neglignce, if any, of Forrest Maple. Our conclusion is that the dismissal of the counterclaim interposed on behalf of L. g. Hafner's estate was, in view of the jury's verdict, not reversible error, but that the dismissal of the counterclaim asserted on behalf of Ruth Hafner's estate, she having been a passenger to whom the negligence of L. G. Hafner could not be imputed, was error which entitles Luther, as the Administrator of her estate, to a trial with respect to the issues raised by that counterclaim.
 
 4
 
 14
 The exhibits which the defendants assert were erroneouly received in evidence were: (1) photographs of the intersection in suit, taken several days after the accident, when conditions as to grass and weeds in the vicinity of the intersection had changed; and (2) moving picture films showing Forrest Maple being treated for his injuries, which films the court, over the objection of the defendants, permitted the plaintiffs to display to the jury.
 
 
 15
 Since the conditions surrounding the intersection at the time of the accident, with respect to grass and weeds, were fully explained to the jury, the photographs of the intersection, taken a short time later, were not misleading and were admissible.
 
 
 16
 The moving picture films, we think, might well have been excluded from evidence as unnecessary and undesirable, there being little dispute as to the nature and extent of Forrest Maple's injuries or as to the treatment he received. However, the admission or exclusion of such evidence must be left largely to the discretion of a trial judge. We cannot say that the admission and the displaying of the films constituted an abuse of discretion amounting to reversible error, in view of the entire evidence in the record relating to Forrest Maple's injuries.
 
 5
 
 17
 The failure of the trial court to give the instructions requested by the defendants does not require a reversal of the judgment appealed from. Our examination of the court's charge, covering thirteen pages of the printed record, convinces us that the court's instructions to the jury were adequate and accurate.
 
 
 18
 '* * * no court is bound to give instructions in the forms and language in which they are asked. If those given sufficiently cover the case, and are correct, the judgment will not be disturbed, whatever those may have been which were refused.' Railway Company v. McCarthy, 96 U.S. 258, 265-266, 24 L.Ed. 693. 'Once the judge has made an accurate and correct charge, the extent of its amplification must rest largely in his discretion.' United States v. Bayer, 331 U.S. 532, 536, 67 S.Ct. 1394, 1396, 91 L.Ed. 1654. 'Courts of error have nothing to do with the verdict of the jury, if it is general and in due form, except to ascertain, if they can, whether improper evidence was admitted to the jury or whether the jury were misdirected by the presiding judge.' First Unitarian Society of Chicago v. Faulkner, 91 U.S. 415, 423, 23 L.Ed. 283. See, also, Northwestern Mutual Life Ins. Co. v. Muskegon Nat. Bank, 122 U.S. 501, 510, 7 S.Ct. 1221, 30 L.Ed. 1100 and cases cited, and Chicago, Rock Island & Pac. Railroad Co. v. Emery, 8 Cir., 233 F.2d 848, 850.
 
 6
 
 19
 The contention of the defendants that the trial court erred in instructing the jury that Donna Maple could be awarded damages for loss of consortium, because under Nebraska law a wife may not recover for such loss attributable to injuries negligently inflicted upon her husband, raises a doubtful question of the law of that State which can definitely be decided only by the Supreme Court of Nebraska. Concededly, that court has not yet ruled upon the question. There is respectable authority both ways. See Hitaffer v. Argonne Co., Inc., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, and the Annotation following that case, on pages 1378-1397 of 23 A.L.R.2d. The late Judge Donohoe, of the United States District Court for the District of Nebraska, was of the opinion that under Nebraska law a wife could recover damages for loss of consortium in a case such as the instant one. Cooney v. Moomaw, D.C.D.Neb., 109 F.Supp. 448, 450. Obviously no one can predict with any assurance how the question will ultimately be decided by the Supreme Court of Nebraska.
 
 
 20
 This Court has consistently refused to attempt to outforecast, outpredict or outguess a trial judge with respect to doubtful questions of state law when his views are not unsupported by authority nor demonstrably wrong. Homolla v. Gluck, 8 Cir., 248 F.2d 731, 733. If there can be a justifiable difference of opinion as to a doubtful question of state law, this Court will accept a trial judge's ruling. Citizens Insurance Co. of N.J. v. Foxbilt, Inc., 8 Cir., 226 F.2d 641, 643, 53 A.L.R.2d 1376.
 
 
 21
 Our conclusion is that the judgment appealed from should be affirmed, but that Ed Luther, as Administrator of the Estate of Ruth Hafner, deceased, is entitled to a trial on the merits of his counterclaim.
 
 
 22
 The judgment in favor of the plaintiffs against Ed Luther, as Administrator of the Estate of L. G. Hafner, deceased, is affirmed. The case is remanded with directions to reinstate the counterclaim of Ed Luther, as Administrator of the Estate of Ruth Hafner, deceased, and to try upon the merits the issues raised by that counterclaim and the answer of the plaintiffs thereto.
 
 
 
 [1]
 Section 25-1151, Revised States of Nebraska 1943, Reissue of 1956, provides:
 'Action for injuries to person or property; contributory negligence; comparative negligence. In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable t the plaintiff; and all questions of negligence and contributory negligence shall be for the jury.'